STATE OF MAINE
SOMERSET, ss.

JUN 0 7 2001

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-99-021,
EAG-SOM-6/27/2001

KEVIN P. TREMBLAY,
          Plaintiff,

v.                                              ORDER

MARKLAND HEALTH SERVICES, INC.,
          Defendant.

## PROCEDURAL HISTORY

Between 1992 and 1996, Kevin Tremblay was employed by Markland Health Services, Inc. (Markland) to provide direct care services to adults with various psychiatric problems. Starting in 1994 or 1995, Mr. Tremblay was assigned to work with a female client who required around the clock supervision. Initially the client resided in a mobile home, but for reasons connected with her illness, her guardian and her care providers determined that the placement was not appropriate. Thereafter the client was moved into a rental property in the Bangor area; Mr. Tremblay and Markland referred to this site as "Project 8." The apartment had at least two bedrooms, but because the client's illness caused psychotic episodes, she could not sleep alone in either of the bedrooms. The living room became her "bedroom."

In February 1995, Mr. Tremblay began complaining about the conditions at Project 8. Initially he made his complaints to various members of the Markland bureaucracy. However, in the fall of 1996 Mr. Tremblay began complaining of the conditions at Project 8 to various State agencies charged with overseeing Markland's work.

Mr. Tremblay was fired by Markland on December 27, 1996. Soon thereafter, the client was moved from Project 8 into another residence. Mr. Tremblay filed this suit against Markland on March 22, 1999, alleging that he had been illegally terminated from his employment in violation of 26 M.R.S.A. § 831, the Maine Whistleblower's Protection Act. He requested reinstatement at his position, payment of back wages and benefits, attorney fees, and a civil fine.

Markland responded to Mr. Tremblay's charge by asserting that he had been fired after another employee complained about Mr. Tremblay's inappropriate statements. During discovery, Markland provided a redacted copy of the employee's letter about Mr. Tremblay. Despite repeated requests, Markland has never provided Mr. Tremblay with a signed copy of the letter.

In July 2000, Markland initiated a Chapter 7 bankruptcy proceeding, listing Mr. Tremblay as a creditor on the schedule. In September 2000, Mr. Tremblay filed a Motion for Relief from Stay with the Bankruptcy Court, requesting that he be allowed to continue with this action. That relief was granted on October 26, 2000. In December 2000, Mr. Tremblay began representing himself.

This case was heard on June 15, 2001. Mr. Tremblay testified and also called two witnesses in support of his claim. Markland as an entity no longer exists, so no defense was presented.

## DISCUSSION

Because Mr. Tremblay's complaints about the conditions at Project 8 related to conditions that placed the client's already fragile health at risk, his actions were a

protected activity. As outlined above, Mr. Tremblay presented a *prima facie* showing that Markland retaliated against him in violation of 26 M.R.S.A. § 831. Markland has failed to articulate a legitimate, non-retaliatory reason for terminating Mr. Tremblay. Based upon the evidence presented at trial, the court is convinced that the termination was retaliatory.

However, Markland no longer exists. There is no corporate entity to make payments and no corporate assets to attach. Back pay, attorney fees and fines cannot be ordered. Although Mr. Tremblay apparently believes that there were some assets wrongfully hidden from the Bankruptcy Court, no evidence on that issue was presented. Even if there were a job to return to, Mr. Tremblay has since chosen another line of work.

## ORDER

For the reasons stated above, the court grants judgment to the plaintiff, but makes no award.

The clerk is instructed to incorporate this order by reference in the docket for this case.

DATED: June 26, 2001

_____
Ellen A. Gorman
Justice, Maine Superior Court

3

Date Filed __03/22/99__ ___Somerset___ Docket No. __CV-99-021__
County

Action __Other Civil_____

Kevin P. Tremblay                    vs.    Markland Health Service, Inc.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~Warren Shay, Esq.~~ withdrew 12/20/00<br>~~P.O. Box 467~~<br>~~14 High Street~~<br>~~Skowhegan ME  04976-0467~~<br>~~Tel: #474-9532~~<br>~~Bar: #190~~ | ~~Thad Zmistowski, Esq.~~ withdrew 3/6/01<br>~~PO Box 1210~~<br>~~Bangor ME  04402-1210~~<br>~~Tel: #947-0111~~<br>~~Bar: #6960~~<br>Markland Health Services, Inc.<br>1103 N. Main Street<br>Winterport ME  04496 |

Kevin Tremblay, Pro Se
220 Chandler Hill Road
Ripley ME   04930
Tel: #924-3679

| Date of Entry | |
|---|---|
| 03/22/99 | Complaint, Complaint Summary Sheet, and $120.00 Filing Fee all received and filed on this day.<br><br>Pretrial Scheduling Statement forwarded to Warren Shay, Esq. on this day. |
| 04/12/99 | Notification of Discovery Service received and filed 04/09/99<br>PAPERS:  Interrogatories Propounded by Plaintiff to Defendant<br>SERVED ON:  Christopher G. Limberis, Esq. by Atty Shay<br>DATED:  April 8, 1999. |
| 04/12/99 | Defendant's Affirmative Defenses and Answer to Complaint received and filed 04/09/99.<br><br>Acceptance of Service and Summons received and filed 04/09/99.  I, Christopher G. Limberis, Clerk, hereby accept service of the Complaint and Summons in the above entitled matter.  I waive the formal requirements of Maine Rule of Civil Procedure 4 concerning service of the Complaint and Summons on Plaintiff.  Dated:  March 24, 1999 /s/ Christopher G. Limberis, Clerk of Markland Healthservices. |
| 05/20/99 | Pretrial Scheduling Statement received and filed 05/19/99.<br><br>$300.00 Jury Fee received and filed 05/19/99. |
| 06/08/99 | Expedited Pretrial Order filed.  Discovery to be closed by 01/01/00. This case will be placed on the jury trial list 30 days after close of discovery.  This Order is incorporated into the docket by reference at the specific direction of the court.  Date:  06/07/99 /s/ Donald H. Marden, JSC. cc:  Warren Shay, Esq. and Thad Zmistowski, Esq. |
| 06/29/99 | Defendant's Motion to have this case put on the Non-Jury List, with Incorporated Memorandum of Law, Proposed Order, and Request for Hearing all received and filed 06/28/99. |